UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| VICTORIA DESAULNIERS, individually, | : | |
| as a beneficiary of the DEVON INDUSTRIES, | : | |
| INC. PROFIT SHARING/401(k) PLAN, | : | |
| and as EXECUTRIX OF THE ESTATE OF | : | |
| DENIS DESAULNIERS, | : | |
| | : | |
| v. | : | 3:13-cv-01899-WWE |
| | : | |
| LORRAINE DESAULNIERS, individually, | : | |
| and as fiduciary of the DEVON INDUSTRIES, | : | |
| INC. PROFIT SHARING/401(k) PLAN, | : | |
| YVON DESAULNIERS, individually and as | : | |
| fiduciary of the DEVON INDUSTRIES, | : | |
| INC. PROFIT SHARING/401(k) PLAN, | : | |
| DAVID DESAULNIERS, DONALD | : | |
| DESAULNIERS, DEVON INDUSTRIES, | : | |
| INC. PROFIT SHARING/401(k) PLAN, | : | |
| ALDEN CORPORATION; and | : | |
| SILVERSWORD PROPERTIES, LLC., | : | |
|     Defendants. | : | |

**MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO DISMISS**

    This is an action by Victoria Desaulniers, individually, as a beneficiary of the Devon Industries Profit Sharing/401(k) Plan, and in her representative capacity as the executrix of the estate of her late husband against family business entities and family members.  Plaintiff alleges (1) violation of the Employee Retirement Income Security Program pursuant to 29 U.S.C. §§ 1132(a) and 1132(c) as to defendants Lorraine Desaulniers, Yvon Desaulniers and Devon Precision Industries, Inc. Profit Sharing/401(k) Plan (Count I); (2) breach of contract relating to a $200,000 loan as to defendants Lorraine Desaulniers, Yvon Desaulniers, David Desaulniers, Donald Desaulniers, Devon Precision Industries, Inc., Alden Corporation, and Silversword Properties, LLC (Count II); (3) breach of contract relating to a 401(k) withdrawal of $46,000 as to defendants Lorraine Desaulniers, Yvon Desaulniers, Donald Desaulniers, David Desaulniers, Devon Precision Industries, Inc., Alden Corporation, and Silversword Properties, LLC (Count

III); (4) conversion of the proceeds of the $200,000 loan as to defendants Lorraine Desaulniers, Yvon Desaulniers, David Desaulniers, Donald Desaulniers, Devon Precision Industries, Inc., Alden Corporation, and Silversword Properties, LLC (Count IV); (5) conversion of the proceeds of the 401(k) loan of $46,000 from the subject account as to defendants Lorraine Desaulniers, Yvon Desaulniers, David Desaulniers, Donald Desaulniers, Devon Precision Industries, Inc., Alden Corporation, and Silversword Properties, LLC (Count V); (6) civil theft under Connecticut General Statutes Section 52-564 relating to the balance of the $200,000 loan, $46,000 loan, and the entire remaining balance of the subject account as to defendants Lorraine Desaulniers, Yvon Desaulniers, David Desaulniers, Donald Desaulniers, Devon Precision Industries, Inc., Alden Corporation, and Silversword Properties, LLC (Count VI); (7) unfair trade practices under Connecticut General Statutes Section 42-110b(a) *et seq.* as to Lorraine Desaulniers, Yvon Desaulniers, David Desaulniers, Donald Desaulniers, Devon Precision Industries, Inc., Alden Corporation, and Silversword Properties, LLC (Count VII); (8) unjust enrichment as to Lorraine Desaulniers, Yvon Desaulniers, David Desaulniers, Donald Desaulniers, Devon Precision Industries, Inc., Alden Corporation, and Silversword Properties, LLC (Count VIII); (9) intentional infliction of emotional distress as to defendants Lorraine Desaulniers, Yvon Desaulniers, David Desaulniers, and Donald Desaulniers relating to threats to cut plaintiff's insurance coverage within weeks of her late husband's death (Count IX); (10) negligent infliction of emotional distress as to defendants Lorraine Desaulniers, Yvon Desaulniers, David Desaulniers, and Donald Desaulniers, also related to the threats to cut plaintiff's insurance coverage (Count X); (11) entitlement to a valuation and buyout of plaintiff's share of Desaulniers business entity defendants as to all defendants except the Plan (Count XI); (12) entitlement to

forced dissolution, or in the alternative, a buyout pursuant to Connecticut General Statutes Section 33-900 *et seq.* against all defendants except the Plan (Count XII).

## DISCUSSION

This Court has original jurisdiction over Count I involving ERISA because it presents a federal question. Defendants argue that the Court lacks subject matter jurisdiction over plaintiff's state law claims (Counts II - XII) because they do not form part of the same case or controversy as Count I, as required to permit supplemental jurisdiction.

"[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if– . . . the claim substantially predominates over the claim or claims over which the district court has original jurisdiction." 28 U.S.C. § 1367(c)(2).

Plaintiff's state law claims include unrelated claims of breach of contract, infliction of emotional distress, and the buyout of business interests. The breach of contract claims include claims based upon a loan alleged to have been made in 2005. The loan was unrelated to retirement funds and occurred five years before the death of plaintiff's husband. The state law claims also include a dispute as to the valuation of inherited business interests and a claim for dissolution of the business or a forced statutory buyout under Connecticut law based upon alleged "oppressive and unfair conduct." While there are some minimal overlapping facts, there is not a sufficient common nucleus of operative facts with plaintiff's ERISA claim to support

supplemental jurisdiction over plaintiff's state law claims.  Moreover, power to hear all of plaintiff's claims aside, the Court will follow the Supreme Court's guidance by leaving the predominant state law claims to state tribunals.

> Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.  Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.  Similarly, if it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals. There may, on the other hand, be situations in which the state claim is so closely tied to questions of federal policy that the argument for exercise of pendent jurisdiction is particularly strong.

<u>United Mine Workers of America v. Gibbs</u>, 383 U.S. 715, 726 (1966).

Here, plaintiff's state claims substantially predominate the proof, scope of issues and comprehensiveness of the remedy sought.  Moreover, federal policy is not implicated by plaintiff's state claims.  Accordingly, plaintiff's state law claims will be dismissed without prejudice.  Plaintiff's ERISA claim (Count I) will remain.

## **CONCLUSION**

For the above stated reasons, defendants' motion to dismiss is GRANTED.  Plaintiff's state law claims are dismissed without prejudice.  Plaintiff's ERISA claim (Count I) remains. Plaintiff is instructed to submit an amended complaint that corresponds with this ruling within seven days.

Dated this 11th day of September, 2014, at Bridgeport, Connecticut.

                                              /s/Warren W. Eginton
                                           WARREN W. EGINTON
                                           SENIOR UNITED STATES DISTRICT JUDGE